**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO LARA-AGUILERA, | No.  15-70626 |
| Petitioner, | Agency No. A072-291-522 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2017
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Arturo Lara-Aguilera (Lara) petitions for review of two orders issued by the

Board of Immigration Appeals (BIA) on February 25, 2015: (1) an order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

dismissing Lara's appeal of a 2014 termination of removal proceedings by the IJ; and (2) an order denying Lara's motion to reopen his 1996 removal proceedings.

The IJ's order terminating removal proceedings was not a final order of removal; it neither ruled that Lara was deportable nor ordered deportation. *See* 8 U.S.C. § 1101(a)(47)(A); *Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011). The BIA's order dismissing Lara's appeal of the termination order did not have the effect of reinstating a prior order of removal. *Cf. Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007). In the absence of a final order of removal, we lack jurisdiction to review the petition. *See* 8 U.S.C. § 1252(a); *Galindo-Romero*, 640 F.3d at 881.[1]

The BIA did not err in denying Lara's motion to reopen the 1996 removal proceedings. The motion was untimely, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Lara is not entitled to equitable tolling of the time period to file a motion to reopen because he failed to show due diligence, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Among other things, Lara failed to provide an updated address despite being repeatedly instructed to do so, and failed to pursue the status of his appeal for over 15 years. Nor did the BIA err in rejecting Lara's claim that he

---

[1] Because we lack jurisdiction over the BIA's order dismissing Lara's appeal of the termination order, we do not consider Lara's argument that the Government is equitably estopped from terminating removal.

demonstrated materially changed conditions in Mexico under 8 U.S.C. § 1229a(c)(7)(C)(ii).  Lara did not submit or even cite the 1996 State Department report to the IJ and BIA, either in his 1996 proceedings when he proceeded pro se or in his November 2014 motion to reopen.  We are "statutorily prevented from taking judicial notice of the Country Report" that an applicant failed to submit to the BIA, *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc), and therefore Lara has not shown "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim" for relief now has such a claim.  *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

**Petition Dismissed in Part and Denied in Part**